**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 21 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIA RIOS DE VITELA, deceased, by and through her personal legal representative and successor in interest, Gregorio Vitela; GREGORIO VITELA, individually; ELVIRA BOWER, individually; MELODY VITELA, individually; VALERIE WILKINS, individually,

Plaintiffs-Appellees,

v.

SILVERSCREEN HEALTHCARE, INC., DBA Asistencia Villa Rehabilitation and Care Center, Erroneously Sued As Cal-Red Facility, LLC,

Defendant-Appellant,

and

DIANE MACHAIN, an individual; DOES, 1-25, inclusive,

Defendants.

No. 21-56244

D.C. No.
5:21-cv-01310-JGB-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 20, 2023[]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Silverscreen Healthcare Inc. (doing business as Asistencia Villa Rehabilitation & Care Center) ("Silverscreen") appeals from the district court's order remanding this case to state court for lack of federal subject matter jurisdiction. Silverscreen argues that the district court had three independent grounds for such jurisdiction: federal officer removal, complete preemption, and the presence of an embedded federal question.

I

The district court did not have federal subject matter jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Silverscreen's actions were not "taken pursuant to a federal officer's directions." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022) (cleaned up). While Silverscreen has demonstrated that, like the defendants in *Saldana*, it was subject to federal laws and regulations throughout the COVID-19 pandemic, "simply *complying* with a law or regulation is not enough to bring a private person within the scope of the [federal officer removal] statute." *Id.* (cleaned up). Similarly,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recommendations, advice, and encouragement from federal entities do not amount to the type of control required for removal under the statute. *See id.* at 685.

## II

The district court did not have federal subject matter jurisdiction under the doctrine of complete preemption because the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. §§ 247d-6d, 247d-6e, is not a complete preemption statute—that is, it is not one of those "rare" statutes "where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Saldana*, 27 F.4th at 686 (cleaned up). While the PREP Act may preempt some state-law claims, any such conflict preemption would be an affirmative defense, and would not create federal subject matter jurisdiction. *See id.* at 688.

## III

The district court did not have embedded federal question jurisdiction because the state-law causes of action in the complaint do not "necessarily" raise "substantial" federal issues that are "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 688 (cleaned up). Although a federal defense may be available under the PREP Act, "a federal defense is not a sufficient basis to find embedded federal question jurisdiction." *Id.*

In short, all of Silverscreen's challenges are controlled by *Saldana*. Silverscreen argues that *Saldana* was wrongly decided, but cites no "clearly irreconcilable" intervening authority permitting us to overrule it. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, we apply *Saldana*.[1]

**AFFIRMED.**

---

[1] Silverscreen's motion for judicial notice, Docket No. 15, is **GRANTED.**